### ERROR NOT CURED BY REMITTITUR.

Circuit Court of Cuyahoga County.

NEW YORK, CHICAGO & ST. LOUIS RAILWAY COMPANY v. CLEVE-
LAND, PAINESVILLE & EASTERN RAILROAD COMPANY.

Decided, January 16, 1905.

*Damages—When Remittitur Does Not Cure Error.*

Where plaintiff has recovered a verdict in an action brought for two
distinct injuries, for one of which defendant was not liable in dam-
ages, and the evidence as to the extent of the other injury was
conflicting; a remittitur even though it be for a greater amount
than that claimed for the injury for which defendant was not
liable, will not cure the error in allowing that branch of the case
to be considered by the jury, where it does not affirmatively ap-
pear that the remittitur was allowed for that reason.

*John H. Clarke,* for plaintiff in error.
*Ford, Snyder & Henry,* contra.

MARVIN, J. (orally); WINCH, J., and HALE, J., concur.

The Cleveland, Painesville & Eastern Railroad Company brought suit against the plaintiff in error, the New York, Chicago & St. Louis Railway Company, to recover for property destroyed in an accident whereby some cars of the plaintiff in error (some loaded cars upon a switch) ran against a trestle and injured the powerhouse and other property of the Cleveland, Painesville & Eastern Railroad Company. This occurred on the 31st of October, 1901. There was some coal on the cars which was consigned to the defendant in error. It was to be free on board cars at their powerhouse. It never reached their powerhouse. There is no dispute but that the loss on account of this coal was $150. The court allowed evidence as to the value of this coal and charged the jury that they might find for the value of the coal as well as for the other injuries to the property of the Cleveland, Painesville & Eastern Company.

It is contended on the part of the defendant below that this coal never was the property of the Painesville Company; was never delivered to it. The evidence shows that they had never paid for it. It clearly was not yet delivered to the Painesville Company; it was not the property of the Painesville Company, and recovery for that should not have been allowed to the Painesville Company.

As to the extent of the injury to the property of the Painesville Company (the powerhouse) the testimony is conflicting. It is placed by some of the witnesses at an amount very much more than the recovery and by some at considerable less, but, as has been said, the court instructed the jury that they might allow for the value of the coal. The recovery was for $1,008.88. On motion for a new trial, the court determined that the verdict must be set aside unless the plaintiff below should remit $308.88, which was done and judgment entered for $700.

It is urged that as the amount remitted was much more than the value of the coal, the judgment as entered should be permitted to stand. That would be true if we could mathematically determine that the court had included in the remittitur the $150. If we knew that was included, we would then affirm the judgment because the evidence is uncertain as to the extent

of the injury to the powerhouse and might justify a verdict as to the amount entered as a judgment. For aught we know, the court may have concluded that the injury amounted to only $550. The result is that we are not prepared to say that the judgment as entered was right, and unless the defendant in error shall still remit the $150, the value of the coal, we shall have to reverse the judgment. If that amount is remitted, the judgment will be affirmed. We think probably the court may have included that in the remittitur, but if so, we do not know it.